WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sons of Hell Motorcycle Club, an Arizona Limited Liability Company, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Department of Public Safety, an Arizona Law Enforcement Agency, acting as an Agency, and through its Director and his Officers, et al.<br><br>Defendant. | No. CV-12-08145-PCT-JAT<br><br>**ORDER** |

Pending before the Court are: (1) the County Defendants'[1] Motion to Dismiss (Doc. 23) and (2) the State Defendants'[2] Motion to Dismiss Pursuant to Rule 12(c) and Request for Expedited Hearing (Doc. 24). Plaintiffs have not filed a response to either

---

[1] The Court collectively refers to the following Defendants as the "County Defendants:" Coconino County Sheriff's Office, Bill Pribil, Mark Pierz, William Rackley, Jason Lurkins, Gerrit Boeck, Michael Curtis, Ethan Mitkowski, Robert Gambee, Jason Bond, James Coffee, and Jane Doe spouses.

[2] The Court collectively refers to the following Defendants as the "State Defendants:" Arizona Department of Public Safety ("DPS"), Robert Halliday, Brad Elliot, Brian Barnes, Nate Gould, the Gang and Immigration Intelligence Team Enforcement Mission ("GIITEM"), Dan Wells, Frank Stewart, Douglas Wheeler, and Jane Doe spouses.

Motion. The Court now rules on the Motions.[3]

## I.   BACKGROUND

On November 9, 2012, Plaintiffs filed an Amended Complaint against Defendants in this Court. (Doc. 13). In their Complaint, Plaintiffs allege that, on July 22, 2011, Plaintiffs were attending the "Too Broke for Sturgis Motorcycle Rally," (the "Rally"), which was being held at Mormon Lake Lodge Campground. (*Id.* at 5). Plaintiffs allege that, around 11:00 p.m. on July 22, Christian Tejeda shot and wounded his wife and shot and killed Edgar Atzin and Trina Atzin, and then shot and killed himself. (*Id.*). Plaintiffs allege that this incident occurred "a significant distance" from the group camping area where Plaintiffs were camping. (*Id.*).

Plaintiffs allege that deputies and officers from the Coconino County Sheriff's Office, DPS, and the GIITEM responded to the shooting scene. (*Id.*). Plaintiffs allege that, on the basis of conflicting stories provided by intoxicated members of the Rally, which Defendants immediately determined to be unreliable, Defendants ordered Plaintiffs out of their tents and motorhomes at gunpoint despite a complete lack of threat to officer safety. (*Id.* at 6). Plaintiffs allege that the officers and deputies threatened Plaintiffs, insulted them, took photographs of them, interrogated them, refused to let them dress or use the bathroom, and held them at gunpoint without lawful reason or consent. (*Id.*).

Plaintiffs allege that, after three hours, Defendant officers and deputies confirmed that Plaintiffs had no involvement in the shootings. (*Id.*). Plaintiffs allege that Defendant officers' and deputies' only reason for investigating Plaintiffs in connection with the shooting was to fulfill the de facto policy of the law enforcement agencies of gathering information on people suspected to be members of "outlaw motorcycle gangs" for inclusion of such information in electronic databases of suspected criminal street gang

---

[3] Although Defendants requested oral argument on the Motions, because Plaintiffs have not responded, oral argument would not aid the Court's decisional process. Accordingly, the Defendants' requests for oral argument are denied. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.,* 933 F.2d 724, 729 (9th Cir. 1991).

members maintained by law enforcement agencies. (*Id.*at 7).

As a result, Plaintiffs allege eight claims against Defendants: (1) violations of Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution and Article 2, Section 13 of the Arizona Constitution to equal protection of the laws; (2) violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article 2, Section 8 of the Arizona Constitution to be free from unlawful detention and arrest; (3) violations of Plaintiffs' rights to freely associate under the First and Fourteenth Amendments of the United States Constitution and Article 2, Section 5 of the Arizona Constitution; (4) violations of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Section 4 of the Arizona Constitution to due process of law; (5) violations of 42 U.S.C. section 1983 by violating Plaintiffs' rights to equal protection, to be free from unlawful detention and arrest, to freely associate, and to due process of law; (6) violations of Plaintiffs' right to full and equal enjoyment of goods, services, facilities, privileges, and advantages of the Mormon Lake Lodge Campground in violation of 42 U.S.C. section 2000a, et seq.; (7) false imprisonment of Plaintiffs; and (8) assault and battery of Plaintiffs.

On December 11, 2012, Plaintiffs failed to appear at a show cause hearing to explain why Defendant Michael Wischman and Jane Doe Wischman should not be dismissed for failure to serve within the time limits of Federal Rule of Civil Procedure 4(m) and those Defendants were dismissed without prejudice. (Doc. 20). Further, Plaintiffs failed to comply with this Court's January 3, 2013 Order (Doc. 22), which directed them to initiate communications with Defendants to prepare a Joint Proposed Case Management Plan, and failed to file any Proposed Case Management Plan in accordance with that Order.

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), the remaining Defendants now move to dismiss Plaintiffs' claims against them. Plaintiffs have not responded to the Motions to Dismiss.

## II.  LEGAL STANDARDS AND ANALYSIS

It appears that Plaintiffs have abandoned prosecution of this case. Plaintiffs failed to appear at a show cause hearing set by the Court, failed to comply with this Court's January 2, 2013 Order, and failed to respond to Motions to Dismiss that were filed by Defendants over a month ago.

Pursuant to Local Rule of Civil Procedure 7.2(i), the Court has the discretion to grant Defendants' motions in light of Plaintiffs' failure to respond. *See* LRCiv 7.2(i) (stating that if the required answering memoranda are not served and filed, such non-compliance may be deemed a consent to the granting of the motion and the Court may dispose of the motion summarily). Failure to comply with a district court's local rule is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming district court's dismissal pursuant to Nevada's local rule that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.")

Before dismissal on this basis, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket, favor dismissal in most cases. *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990). In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. In December 2012, Plaintiffs failed to appear at a show cause hearing. Thereafter, Plaintiffs failed to comply with the Court's January 3, 2013 Order and, thereafter, failed to respond to the Motions to Dismiss, which were filed in February. As such, it appears Plaintiffs have abandoned their claims and, therefore, the public's interest in expeditiously resolving this litigation and the Court's

interest in managing the docket weigh in favor of dismissal.

The third factor also favors dismissal. It would be prejudicial to Defendants to allow this case to proceed without participation from the Plaintiffs.

Public policy favors disposition of cases on their merits, so the fourth factor weighs against dismissal. *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002). However, in this case, Defendants assert that dismissal would be appropriate based on various other grounds going to the merits of Plaintiffs' claims, and Plaintiffs have failed to dispute those arguments. Accordingly, this factor weighs only slightly against dismissal.

The final factor requires the Court to consider the availability of less drastic sanctions. Plaintiffs have been given ample time to respond to Defendants' Motion to Dismiss or to move for an extension of time to file a response and have not done so. Thus, in weighing this last factor, the Court finds that dismissal without prejudice is the only acceptable less drastic sanction in this case.

In sum, the five-factor analysis supports dismissal without prejudice for failure to respond to the Motions to Dismiss. The Court's decision to grant the motions in these circumstances is further supported by the fact that it is premised upon a local rule that expressly permits the Court to summarily grant unopposed motions. *Ghazali,* 46 F.3d at 53 ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules") (quoting *United States v. Warren,* 601 F.2d 471, 474 (9th Cir.1979)).

The County Defendants' Motion to Dismiss (Doc. 23) and the State Defendants' Motion to Dismiss Pursuant to Rule 12(c) and Request for Expedited Hearing[4] (Doc. 24) are therefore granted as set forth herein based on Plaintiffs' failure to respond. *See* LRCiv 7.2(i). The Court, therefore, need not consider the other arguments for dismissal in Defendants' Motions.

---

[4] The Request for Expedited Hearing is denied as moot.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the County Defendants' Motion to Dismiss (Doc. 23) is granted.

**IT IS FURTHER ORDERED** that the State Defendants' Motion to Dismiss Pursuant to Rule 12(c) and Request for Expedited Hearing (Doc. 24) is granted in part and denied in part as set forth herein.

**IT IS FINALLY ORDERED** that this case is dismissed without prejudice.

The Clerk of the Court shall enter judgment accordingly.

Dated this 19th day of March, 2013.

*James A. Teilborg*
Senior United States District Judge